IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

ELECTRONICALLY FILED
Dec 30 2019
U.S. DISTRICT COURT
Northern District of WV

**MAXINE GREEN,**

     **Plaintiff,**

v.                                  Civil Action No. **3:19-cv-218 (Groh)**
                                           (Formerly Berkeley County Circuit Court, Civil Action No. 19-C-436)

**AMERICAN MEDICAL RESPONSE
MID-ATLANTIC, INC. and
ROBERTO IGNACIO PUENTES,**

     **Defendants.**

## NOTICE OF REMOVAL

COMES NOW, Defendants American Medical Response Mid-Atlantic, Inc. ("American Medical Response") and Roberto Ignacio Puentes ("Puentes") (collectively, "Defendants"), pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1664, and file this Notice of Removal of the case styled *Maxine Green v. American Medical Response Mid-Atlantic, Inc. and Robert Ignacio Puentes*, Civil Action No. 19-C-436, pending in the Circuit Court of Berkeley County, West Virginia to this Court. As grounds for the removal of this action to this Court, Defendants state as follows:

1. Plaintiff Maxine Green ("Green") commenced this action by filing a Summons and Complaint in the Circuit Court of Berkeley County, West Virginia, Civil Action No. 19-C-436 (the "State Court Action").

2. The Summons and Complaint in the State Court Action were served on American Medical Response via service upon the Office of the Secretary of State, state of West Virginia, on or about December 5, 2019. The Summons and Complaint in the State Court Action were served on Puentes on or about December 10, 2019.

3. Copies of the Summons, Complaint, and all other documents served on Defendants are attached as **Exhibit A**. A copy of the Berkeley County Circuit Court docket sheet is attached as **Exhibit B**. A complete copy of the Berkeley County Circuit Court file is attached as **Exhibit C**.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely since it is filed within thirty (30) days of Defendants' receipt of the Summons and Complaint on December 5, 2019.

5. Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the District Courts of the United States have original jurisdiction may be removed to the District Court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441. The Circuit Court of Berkeley County, West Virginia is located within the Northern District of West Virginia, Martinsburg Division. L.R. Gen. P. 77.02.

6. The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). Also, this Court has original jurisdiction over this case because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

7. Upon information and belief, Greene is, and was as of the commencement of the State Court Action, a citizen of Berkeley County, West Virginia. *See* **Exhibit D,** the Traffic Crash Report pertaining to the accident at issue in this case which states, on page 4, that Ms. Green's address is 135 Natural Way, Martinsburg, WV.

8. American Medical Response is, and was at the time of the filing of the State Court Action, a Pennsylvania corporation with its principle place of business located in Greenwood

Village, Colorado. American Medical Response, therefore, is a citizen of the states of Pennsylvania and Colorado.

9. Puentes is, and was at the time of the filing of the State Court Action, a citizen of Montgomery County, Maryland.

10. American Medical Response and Puentes are the only named defendants in this action.

11. Green's complaint does not state a specific total amount of monetary damages. To remove this action to federal court on diversity grounds, therefore, Defendants must show by a preponderance of the evidence that the value of this controversy, more likely than not, exceeds the sum or value of $75,000.00. *See Heller v. TriEnergy, Inc.*, 877 F. Supp.2d 414 (N.D. W.Va. 2012). For purposes of removal, the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of her case as it stands at the time of removal. *Id.*

12. In the Complaint, Green seeks past medical damages as well as unspecified damages for loss of wages, loss of earning capacity, pain of body and mind, physical limitations, loss of enjoyment of life, mental anguish, scarring and emotional injury, and future medical expenses. *See* Complaint, ¶ 12.

13. In a pre-suit demand letter, Green demanded $94,219.50. (*See* Letter attached hereto as **Exhibit E**). In the pre-suit demand letter, Green sought $9,421.95 for past physician expenses, medical supplies, and future medical expenses. *See* Exhibit E.

14. In addition, assuming Green is successful, lost wages and benefits alone could easily surpass the jurisdictional amount. *See, e.g., Burke-Parsons-Bowlby Corp. v. Rice*, 736 S.E.2d 338, 340 (W.Va. 2012) (affirming the jury award of $2,133,991.00 comprised entirely of

back and front pay damages); *Young v. Bellofram Corp.*, 705 S.E.2d 560, 563 n.1 (W.Va. 2010) (overruled on other grounds) (noting that the circuit court granted an award of $180,376 in lost wages and benefits damages); *W.Va. Am. Water Co. v. Nagy*, 2011 W.Va. LEXIS 183, *4–5 (W.Va. June 15, 2011) (affirming the jury award of more than $1,000,000 in lost wages damages).

15. Based upon the nature of the allegations in the Complaint and the relief sought, Defendants aver that it is more likely than not that the amount in controversy in this matter is in excess of $75,000.

16. Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the action is between citizens of different states. This action, therefore, is removable pursuant to 28 U.S.C. § 1441(a).

17. By filing this Notice of Removal, Defendants do not waive any defense which may be available to them.

18. A copy of this Notice will be filed with the Clerk of the Circuit Court of Berkeley County, West Virginia.

19. Defendants will serve this Notice of Removal on the attorney for Ms. Green, J. Miles Morgan, The Joel Bieber Firm, 6806 Paragon Place, Suite 100, Richmond, VA 23230, as required by 28 U.S.C. § 1446(b).

WHEREFORE, Defendants respectfully give notice that this action has been removed from the Circuit Court of Berkeley County, West Virginia to the United States District Court for the Northern District of West Virginia, Martinsburg Division.

Dated: December 30, 2019.

**AMERICAN MEDICAL RESPONSE MID-ATLANTIC, INC. and ROBERTO IGNACIO PUENTES**
By Counsel

/s/ Arie M. Spitz
Arie M. Spitz (WV State Bar No. 10867)
Kelsey Haught Parsons (WV State Bar No. 13205)
DINSMORE & SHOHL LLP
P.O. Box 11887
Charleston, WV 25339-1887
Telephone: (304) 357-0900
Facsimile: (304) 357-0919
E-mail: arie.spitz@dinsmore.com
E-mail: kelsey.haughtparsons@dinsmore.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**MAXINE GREEN,**

    **Plaintiff,**

v.                         **Civil Action No. _____**
                              **(Formerly Berkeley County Circuit Court, Civil Action No. 19-C-436)**

**AMERICAN MEDICAL RESPONSE**
**MID-ATLANTIC, INC. and**
**ROBERTO IGNACIO PUENTES,**

    **Defendants.**

### CERTIFICATE OF SERVICE

    I, Arie M. Spitz, do hereby certify that the foregoing **Notice of Removal** was served upon all parties via the CM/ECF Court System, and by regular U.S. Mail, on this the 30th day of December, 2019 as follows:

J. Miles Morgan<br>
The Joel Bieber Firm<br>
6806 Paragon Place, Suite 100<br>
Richmond, VA 23230<br>
*Counsel for Plaintiff*

                                      /s/ Arie M. Spitz
                                      Arie M. Spitz (WV State Bar No. 10867)